

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

ISMAEL F. ARNAIZ,                            :

        Petitioner,                          :

        vs.                                  :        CIVIL ACTION NO.: CV212-021

ANTHONY HAYNES, Warden,                      :

        Respondent.                          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ismael F. Arnaiz ("Arnaiz"), who is currently incarcerated at the Federal

Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Arnaiz filed a Response. For

the reasons which follow, Respondent's Motion should be **GRANTED** and Arnaiz's

petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Arnaiz pled guilty to: conspiracy to launder money, in violation of 18 U.S.C. §

1956(h); and mail fraud, in violation of 18 U.S.C. § 1341. After Arnaiz failed to appear

for sentencing, which resulted in his indictment on charges of criminal contempt and bail

jumping, he was located and sentenced by the Southern District of Florida to serve 151

months' imprisonment. Arnaiz filed an appeal, and the Eleventh Circuit Court of

Appeals affirmed his conviction and sentence. The Supreme Court denied Arnaiz's

petition for writ of certiorari and petition for rehearing.

AO 72A
(Rev. 8/82)

Arnaiz then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. The Southern District of Florida dismissed Arnaiz's motion. The Eleventh Circuit denied Arnaiz's application for certificate of appealability.

Arnaiz filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court and challenged the restitution portion of his sentence. The undersigned recommended that Arnaiz's petition be dismissed, and the Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court. (CV207-12, Doc. Nos. 11, 14). The Eleventh Circuit affirmed. (CV207-12, Doc. No. 21).

Arnaiz filed another § 2241 petition in this Court and contended that the Court should vacate his money laundering conviction because United States v. Santos, 553 U.S. 507 (2008), is a retroactively applicable Supreme Court decision which decriminalized his conduct. (CV208-97, Doc. No. 1). The undersigned recommended that Arnaiz's petition be dismissed as he had not met the requirements of § 2255's savings clause. (CV208-97, Doc. No. 24). Judge Alaimo adopted the undersigned's recommendation as the opinion of the Court. (CV208-97, Doc. No. 30). The Eleventh Circuit summarily affirmed. (CV208-97, Doc. No. 45).

In this petition, Arnaiz once again relies on Santos in support of his position that he is entitled to habeas relief pursuant to § 2241. Arnaiz contends that his section 1341 conviction carried a maximum sentence of 60 months' imprisonment, and his sentence of 144 months' imprisonment violates the double jeopardy and due process clauses under Santos. Arnaiz also contends that his offenses for conspiracy and mail fraud

2

merged under Santos. Arnaiz asserts that his claims now are cognizable under Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).

Respondent alleges that Arnaiz's petition should be dismissed because his petition is an unauthorized section 2255 motion. Respondent also alleges that Arnaiz does not meet the savings clause, as he could have raised his issues on previous occasions.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

3

AO 72A
(Rev. 8/82)

Arnaiz has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his detention because his petition "did not become ripe until Santos and Gilbert were decided." (Doc. No. 1, p. 5).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

AO 72A
(Rev. 8/82)

Arnaiz bases the claims set forth in his petition on the Supreme Court's decision in Santos. In Santos, three parts of Justice Scalia's four-part opinion are for a plurality of justices, holding that the rule of lenity was applicable because the term "proceeds" in 18 U.S.C. § 1956 was ambiguous and that "proceeds" referred to "profits", not "receipts", in a prosecution involving a stand-alone illegal gambling operation. 553 U.S. at 523.[1]

Arnaiz fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision because Santos is not applicable to the case at bar. In United States v. Demarest, 570 F.3d 1232 (11th Cir. 2009), the Eleventh Circuit considered the reach of the Santos holding in a case involving the laundering of money gained pursuant to illegal drug trafficking. In declining to expand Santos, the Eleventh Circuit upheld the defendant's conviction, finding that "the narrow holding in Santos, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under § 1956." Demarest, 570 F.3d at 1242. In so doing, the Eleventh Circuit noted that Justice Scalia's four-part opinion is of "limited precedential value[,]" because three parts of his opinion were "for a plurality of justices, and those parts do not state a rule" applicable to the defendant. Id. The Eleventh Circuit also noted that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]" Id. (internal punctuation omitted). As such, Arnaiz is unable to contend that

---

[1] In Santos, the defendant was convicted of violating federal money-laundering statute 18 U.S.C. § 1956. In an illegal lottery run by Santos, runners took commissions from the bets they gathered and the rest of the money was paid as salary to collectors and to the winning gamblers. Santos was convicted based on the payments to the runners, collectors, and winners.

5

his claims are based on a retroactively applicable Supreme Court decision because the funds that Arnaiz laundered were not gross receipts of an illegal gambling operation. Tirado v. United States, No. 09-81532, 2010 WL 5678680, at *9 (S.D. Fla. Dec. 3, 2010), quoting King v. Keller, 372 F. App'x 70, 73 (11th Cir. 2010), for the proposition that Santos only applies to cases involving illegal gambling operations). The evidence instead establishes that the laundered funds were the proceeds of an enterprise engaged in Medicare fraud. Id. (noting that the evidence in Demarest's criminal proceedings established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking). Accordingly, Arnaiz has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).[2]

To the extent Arnaiz relies on Gilbert, his claims must fail on this basis, too. Arnaiz specifically relies on the following footnote in the Gilbert opinion:

> The Wofford opinion also contains dicta that the savings clause 'may conceivably' apply to some sentencing claims in some circumstances where there was a fundamental defect in sentencing that the prisoner had no opportunity to have corrected before the end of his § 2255 proceeding. What the Wofford panel may have had in mind are pure Begay errors, by which we mean errors in the application of the 'violent felony' enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory minimum and maximum sentence under § 924(e). A Begay [v. United States, 553 U.S. 137 (2008)] error in the classification of a prior conviction that was used to impose an enhanced sentence under § 924(e) would necessarily have resulted in the defendant being sentenced to a term of imprisonment that exceeded what would have been the statutory maximum without the error.

---

[2] As an aside, Arnaiz does not meet the third prong of Wofford because he has raised Santos-based claims on at least one (1) previous occasion.

AO 72A
(Rev. 8/82)

For that reason, a pure Begay error would fit within the government's concession that the savings clause applies to errors that resulted in a sentence beyond the statutory maximum that would have applied but for the error. That is not, however, the claimed error we have in this case. Instead, Gilbert's claim is that his sentence calculation involved an [United States v.] Archer, [531 F.3d 1347 (11th Cir. 2008)] error in the application of § 4B1.1 of the guidelines, and that error did not result in a sentence beyond the statutory maximum. For that reason, we have no occasion to decide whether what the Wofford dicta conceived might be the law, and what the government concedes should be the law, is actually the law. What we do decide is that the savings clause does not apply to sentencing errors that do not push the term of imprisonment beyond the statutory maximum.

Gilbert, 640 F.3d at 1319 n.20. Even though Arnaiz's sentence is more than 60 months, he has not established that he was sentenced beyond the statutory maximum applicable to violations of 18 U.S.C. § 1341. Arnaiz was convicted on one (1) count of violating § 1341, and the maximum penalty applicable to that offense at the time he was indicted was 60 months' imprisonment. (S.D. Fla. Case No. 1:97-cr-00581-JAL, Doc. No. 3, p. 21). Arnaiz was sentenced to 60 months' imprisonment on that count. (Id. at Doc. No. 479). However, Arnaiz overlooks the fact that he was also convicted of violating 18 U.S.C. § 1956, which carried a statutory maximum sentence of 20 years' imprisonment before and after the Santos decision. 18 U.S.C. § 1956 (West 2001); 18 U.S.C. § 1956 (West 2012). Arnaiz does not present a cognizable Gilbert claim.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Arnaiz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _5th_ day of July, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)